1
2
3
4
5
6
7
8                    UNITED  STATES  DISTRICT  COURT

9                   NORTHERN  DISTRICT  OF CALIFORNIA

10

11     MAP SIM,                                    Case No.  23-cv-05725 NC (PR)

                        Petitioner,
12                                                 **ORDER  TO  SHOW  CAUSE**

13            v.

14     ICE, et al.,

15                        Respondents.

16

17           Petitioner, who is currently detained by Immigration and Customs Enforcement

18     ("ICE") pending his removal, filed a *pro se* petition for a writ of habeas corpus pursuant to

19     28 U.S.C. § 2241, asserting that his continued detention violates his constitutional rights.

20     Dkt. No. 1 at 4.  Petitioner consented to magistrate judge jurisdiction.  Dkt. No. 4.

21     Petitioner has paid the filing fee.  Dkt. No. 3.

22

23                                   **DISCUSSION**

24     A.     Standard of Review

25           This court may entertain a petition for writ of habeas corpus from a person "in

26     custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

27     § 2241(c)(3).

28           The court shall "award the writ or issue an order directing the respondent to show

cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   <u>Petitioner's Claims</u>

Petitioner was born in Cambodia and moved to the United States on October 26, 1981.  Dkt. No. 1 at 3.  He was convicted of first-degree residential robbery.  *Id.*  ICE took him into custody on June 23, 2023, and subsequently, an Immigration Judge ordered Petitioner's removal on July 3, 2023.  *Id.* at 4.  He has yet to be removed because the Cambodian government "fluctuate[s] in taking back Cambodian detainees" and that it can take 2-4 years for detainees to be taken back.  *Id.*  Petitioner asserts that his continued detention is unlawful and violates 28 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 689(2001): the reasonable period of detention has expired and his removal is not significantly likely to occur in the reasonably foreseeable future.  *Id.* at 5.  Liberally construed, Petitioner's claim is cognizable.  The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

For the foregoing reasons:

1.      The Clerk shall electronically serve a copy of this order upon Respondents and Respondents' attorneys, the United States Attorney for the Northern District of California, at the following email addresses: (1) usacan.ecf@usdoj.gov; (2) Michelle.Lo@usdoj.gov; and (3) kathy.terry@usdoj.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall also include a magistrate judge jurisdiction consent/declination form.  The Clerk also shall serve a copy of this order on Petitioner.

Respondents shall file their Consent or Declination to Magistrate Judge Jurisdiction **no later than twenty-eight (28) days** from the date the form is sent from the Court.

2.      Respondents shall serve on Petitioner, within **60 days** of the issuance of this order, an answer showing cause why a writ of habeas corpus should not be issued.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Respondents shall file with the answer and serve on Petitioner a copy of all portions of his

2  immigration record that are relevant to a determination of the issues presented by the

3  petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse

4  with the Court and serving it on Respondents within **30 days** of his receipt of the answer.

5          3.      Respondents may file a motion to dismiss on procedural grounds in lieu of

6  an answer.  If Respondents file such a motion, Petitioner shall file with the Court and serve

7  on Respondents an opposition or statement of non-opposition within **28 days** of receipt of

8  the motion, and Respondents shall file with the court and serve on Petitioner a reply within

9  **14 days** of receipt of any opposition.  Petitioner may move for an extension of time to file

10  a response if an attorney has not yet been located.

11          4.      Petitioner has the responsibility to prosecute this case.  Petitioner is reminded

12  that all documents and communications with the Court must be served on Respondents by

13  mailing a true copy of the document or communication to Respondents' counsel.

14  Petitioner must keep the Court and all parties informed of any change of address by filing a

15  separate paper captioned "Notice of Change of Address."  He must comply with the

16  Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this

17  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

18          **IT IS SO ORDERED.**

19  DATED:  _____March 7, 2024_____          _____

20                                             NATHANAEL  M.  COUSINS
                                               United States Magistrate Judge
21

22

23

24

25  Order to Show Cause
    PRO-SE\NC\HC.2023\05725Sim_osc2241

26

27

28

                                            3